**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURVIR SINGH SAMRA, | No. 14-72854 |
| Petitioner, | Agency No. A098-515-911 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Gurvir Singh Samra, a native and citizen of India, petitions pro se for review

of the decision of the Board of Immigration Appeals ("BIA") affirming an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

The agency found Samra established past persecution, but his presumption of a well-founded fear of future persecution was rebutted with evidence that Samra could safely and reasonably relocate within India to avoid harm. Substantial evidence supports this finding. *See* 8 C.F.R. § 1208.13(b)(3); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003) (internal relocation finding supported even in the face of somewhat contradictory or ambiguous background information). We reject Samra's contentions that the agency's analysis was insufficient. Thus, his asylum claim fails.

In this case, because Samra failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Samra's CAT claim because Samra did not demonstrate it is more likely than not he would be tortured in India by or with the consent or acquiescence of the government. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**

14-72854